# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2022

Lyle W. Cayce
Clerk

No. 21-10824
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERIC DARIUS YOUNG,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-318-1

Before BARKSDALE, ELROD, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Eric Darius Young was convicted by a jury of conspiracy to possess, with the intent to distribute, 500 grams or more of a substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846.  (He was acquitted on the attempted-possession count.)  Young challenges only the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

sufficiency of the evidence regarding the jury's rejection of his defense that he was entrapped by the efforts of a confidential informant who was working as a government agent.

When entrapment is at issue, the Government must prove beyond a reasonable doubt that the defense does not apply. *Jacobson v. United States*, 503 U.S. 540, 548–49 (1992). "[A] valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct". *Mathews v. United States*, 485 U.S. 58, 63 (1988). Where, as here, the jury was instructed on entrapment and rejected the defense, the evidence is viewed in the light most favorable to the verdict. *United States v. Reyes*, 239 F.3d 722, 739 (5th Cir. 2001).

Young testified at trial. Viewing the evidence in the requisite light most favorable to the verdict, and even assuming there was Government inducement, the evidence was sufficient for a rational juror to find the Government proved beyond a reasonable doubt that Young was predisposed to commit the crime of which he was found guilty. *See id.*; *United States v. Theagene*, 565 F.3d 911, 920, 924 (5th Cir. 2009) (holding defendant entitled to jury instruction on entrapment defense).

AFFIRMED.